**BAUMGARTEN et al. v. COE.**

No. 6622.

United States Court of Appeals for the District of Columbia.

Decided March 8, 1937.

Paul A. Blair and J. Harold Kilcoyne, both of Washington, D. C., and Delos G. Haynes, of St. Louis, Mo. (Lloyd R. Koenig, of St. Louis, Mo., of counsel), for appellants.

R. F. Whitehead, Solicitor of Patent Office of Washington, D. C., for appellee.

Before ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States for the District of Columbia) dismissing appellants' bill, filed under section 4915, R.S., as amended (35 U.S.C.A. § 63), seeking to authorize the issuance of a patent to appellants on the application of appellant Baumgarten.

The alleged invention relates to an electrically propelled vehicle in which the motors are also used as generators to slow down the vehicle by resistance braking. The improvement relates particularly to the heating of the interior of the vehicle by utilizing heat dissipated by the same resistors which are used both for starting and for resistance braking. Claims 1, 3, 8, 12, 14, 16, 17, 25, 26 and 31 are involved. Claim 1 is sufficiently illustrative and is here reproduced:

"1. The vehicle comprising electrical driving means including at least one motor, a starting resistance for said motor adapted to effect heating, means for reconnecting said motor as a generator, said resistance being reconnected to the converted generator so as to effect braking by transforming electrical energy into heat and means for passing into the vehicle said heat due to starting and braking."

The present system for starting and braking vehicle motors comprises substantially standard apparatus throughout. It is not contended that any of the elements of the combination are new. It is stated "that other persons knew how to start a car, and to brake it by means of electrical resistances, but no one conceived of using the combined heat of starting and braking for successful compartment heating purposes and thus to avoid the use of auxiliary resistors while running on expensive trolley current per se." The problem presented, it is contended, was how to make available as useful heat within a vehicle the kinetic energy [1] normally converted to heat and lost upon deceleration of the car.

The record discloses that electrical car heaters per se have been known since 1895. The electric current used for operation may be drawn directly from the trolley wire and used only in the heater, or it may be drawn from a trolley wire and be sent through resistances which primarily serve motor starting and controlling purposes—heating being incidental.

It is admitted that the patents to Skinner, No. 1,230,935, and Candee, No. 1,317,266, show electric systems for decelerating a car by converting its motor to a generator and absorbing the resulting current in suitable resistors, but it is contended that "no one conceived of sending to the car interior the heat due to absorption of kinetic energy."

The Patent Office tribunals pointed out that appellant Baumgarten was not the first to devise means for heating a railway car by utilizing the heat generated in resistances through which an electric current passes. The patent to Smith, No. 1,535,079, contains a full disclosure of such a system. That patent discloses the usual electric system as applied to a railway car in which there are what are known as starting resistances through which the current passes when the car is first started and which are gradually cut out of the circuit as the motor comes to full speed. As in the present application, these resistances are shown as located beneath the car. In his patent Smith described the arrangement as follows: "Within the box 22 are supported in insulated relation a plurality of rheostats 30. These rheostats have electrical connections 31 leading to the motors of the car, and are adapted to supply the starting and controlling resistance for the car motors. These rheostats consequently dissipate a quantity of electrical energy in the ordinary run of the car, this energy being dissipated in the form of heat which is imparted to the body of air in the chamber 28 of the box 22."

In view of this record, the Patent Office tribunals ruled that there was no invention in utilizing the braking resistances as well as the starting resistances as the means for heating the air which is passed into the interior of the car. The systems disclosed by Skinner and Candee, using resistors for starting and braking, were prior art at the time of Smith's invention,

---

[1] Kinetic energy is the energy which a body possesses because it is in motion. Knowlton on Physics (2d Ed.) 1935, p. 90; Encyclopedia Britannica (14th Ed.) vol. 8, p. 438.

which is prior art as against the present application. In our view applicant has done no more than apply Smith's heating construction to the resistors of Skinner and Candee. In other words, what he has done falls short of invention. There was evidence of commercial success, but that, although an element to be considered on the question of novelty, is not controlling. Freyn Engineering Co. v. Coe, 65 App.D. C. 9, 79 F.(2d) 134.

The decree is affirmed.

Affirmed.